# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CAMARENA, | CASE NO. 1:10-cv-00025-GBC PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| JOAN DIEP, et al., | (ECF No. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Jesse Camarena is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, filed January 6, 2010. (Compl., ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

1

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.  Discussion**

While incarcerated at Pleasant Valley State Prison ("PVSP") on October 24, 2008, Plaintiff had arthroscopic surgery on his right knee. He developed an infection requiring further surgery which has resulted in a permanent loss of full use of his knee. Plaintiff brings this action against Defendants Diep, Lewis, Yates, PVSP, and the California Department of Corrections and Rehabilitation for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

Plaintiff states in his complaint that he submitted the Directors Level appeal sometime in July 2009, and had not received a reply at the time he filed his complaint. (Compl. 5, ECF No. 1.) Included in the complaint is a letter from the Office of Third Level Appeals returning Plaintiff's appeal because it did not comply with the appeal procedures set forth in the California Code of Regulations, Title 15. (Id. at 23.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required

regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171. Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted the administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished).

///

### III. Conclusion and Order

Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not be dismissed for failure to exhaust administrative remedies within thirty (30) days of the date of service of this order. Failure to follow this order will result in the action being dismissed, with prejudice, for failure to comply with the order of the Court.

IT IS SO ORDERED.

Dated:   February 8, 2011

_____
UNITED STATES MAGISTRATE JUDGE