# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CAMARENA,<br><br>    Plaintiff,<br><br>v.<br><br>DR. JOHN DIEP, et al.,<br><br>    Defendants._____/ | CASE NO. 1:10-cv-00025-GBC (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>Doc. 29 |

    On January 6, 2010, Jesee Camarena ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On July 20, 2011, the Court issued an order dismissing certain claims and defendants and finding a cognizable claim against Defendant Diep ("Defendant") for Eighth Amendment deliberate indifference to serious medical need. Doc. 13.

    On September 6, 2012, Defendant filed a motion to dismiss for Plaintiff's failure to prosecute or respond to discovery. Doc. 29. On October 4, 2012, the Court ordered Plaintiff to file an opposition or statement of non-opposition as required by Local Rule 230(l). Doc. 31. More than thirty days have passed, and Plaintiff has not complied with or otherwise responded to the Court's order.

    The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Accordingly, Defendant's motion to dismiss for Plaintiff's failure to prosecute is GRANTED, and this action is hereby DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   November 6, 2012

UNITED STATES MAGISTRATE JUDGE